UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :

        - v. -                  :           INFORMATION

MIAN M. SHAHID,                 :           S1 07 Cr. 489 (CM)

            Defendant.          :

- - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

## COUNT ONE

(Wire Fraud)

The United States Attorney charges:

1.    On or about January 17, 2007, in the Southern
District of New York and elsewhere, MIAN M. SHAHID, the
defendant, unlawfully, willfully and knowingly, having devised
and intending to devise a scheme and artifice to defraud and for
obtaining money and property by means of false and fraudulent
pretenses, representations and promises, did transmit and cause
to be transmitted, by means of wire communication in interstate
commerce, writings, signs and signals for the purpose of
executing such scheme and artifice, to wit, SHAHID caused another
to apply for a credit line at a store under a false identity,
which credit application required the transmission of false
information by means of wire communication and resulted in the
granting of an unauthorized line of credit.

        (Title 18, United States Code, Sections 1343 and 2.)

**COUNT TWO**

(Access Device Fraud)

The United States Attorney further charges:

2.    From on or about January 24, 2007, up to and including on or about February 12, 2007, in the Southern District of New York and elsewhere, MIAN M. SHAHID, the defendant, unlawfully, willfully and knowingly, and with intent to defraud, in an offense affecting interstate commerce, did traffic in and use one and more unauthorized access devices during a one-year period, and by such conduct did obtain things of value aggregating $1,000 and more during that period, to wit, SHAHID used, and caused another to use, without authorization, credit cards to obtain merchandise and services worth more than $1,000.

(Title 18, United States Code, Sections 1029(a)(2) and 2.)

**COUNT THREE**

(Identity Fraud)

The United States Attorney further charges:

3.    From at least in or about November 2006, up to and including at least in or about February 2007, in the Southern District of New York and elsewhere, MIAN M. SHAHID, the defendant, unlawfully, willfully, and knowingly, did transfer an identification document, authentication feature, and a false identification document knowing that such document and feature was stolen and produced without lawful authority, and thereby did

2

affect interstate commerce, to wit, SHAHID used, and caused

another to use, without authorization, a New York State

Identification Card to engage in fraudulent activity.

(Title 18, United States Code, Sections 1028(a)(2) and 2.)

## COUNT FOUR

(Bank Fraud)

The United States Attorney further charges:

4.    From in or about 2006, up to and including in or

about April 2007, in the Southern District of New York and

elsewhere, MIAN M. SHAHID, the defendant, unlawfully, willfully

and knowingly, did execute and attempt to execute a scheme and

artifice to defraud a financial institution, the deposits of

which were then insured by the Federal Deposit Insurance

Corporation, and to obtain the moneys, funds, credits, assets,

securities, and other property owned by, and under the custody

and control of, such financial institution, by means of false and

fraudulent pretenses, representations, and promises, to wit,

SHAHID opened and used, and caused another to open and use, bank

3

accounts using fraudulent identification documents, at banks located in the New York metropolitan area.

(Title 18, United States Code, Sections 1344 and 2.)

## FORFEITURE ALLEGATION

### (As to Count One)

5.   As a result of committing the wire fraud offense alleged in Count One of this Information, MIAN M. SHAHID, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including but not limited to at least $478,676.65 in United States currency, representing the amount of proceeds that the defendant obtained as a result of the offense.

### Substitute Asset Provision

6.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

4

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981 and
Title 28, United States Code, Section 2461)

## FORFEITURE ALLEGATION

(As to Counts Two, Three, and Four)

7.    As a result of committing the identification fraud and bank fraud offenses alleged in Counts Two, Three and Four of this Information, MIAN M. SHAHID, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982, any property constituting, or derived from, proceeds obtained directly or indirectly as a result of said offenses, including but not limited to at least $478,676.65 in United States currency, representing the amount of proceeds the defendant obtained as a result of the offenses.

### Substitute Asset Provision

8.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

5

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982, 1028, 1029, and 1344.)

MICHAEL J. GARCIA
United States Attorney

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

**- v. -**

**MIAN M. SHAHID,**

**Defendant.**

## INFORMATION

S1 07 Cr. 489 (CM)

(18 U.S.C. §§ 1028(a)(2), 1029(a)(2),
1343, 1344, and 2)

MICHAEL J. GARCIA
United States Attorney.